**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

                                     Case No. 5:25-cv-05041-MIS

JUAN GOMEZ MONTIEL,

     Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE MANDATORY MINIMUM ALLEGATION**

THIS MATTER is before the Court on Defendant's Motion to Dismiss the Mandatory Minimum Allegation ("Motion"), ECF No. 34, filed on March 9, 2026. The United States filed a Response on March 19, 2026. ECF No. 39. Upon review of the Parties' submissions, the record, and the relevant law, the Court will deny Defendant's motion.

Defendant asks the Court to dismiss the statutory allegation in Count II that the charged offense was committed for commercial advantage or private financial gain. Mot. at 1, ECF No. 34. Committing the offense for commercial advantage or private financial gain triggers a mandatory minimum sentence. *Id.*

Defendant argues that "[a]ny fact that increases a statutory mandatory minimum constitutes an element of the offense and must be alleged in the indictment and proven beyond a reasonable doubt." *Id.* at 1-2 (citing *Alleyne v. United States*, 570 U.S. 99, 111-12 (2013)). Defendant also argues that "[w]hen the government proceeds under an aiding-and-abetting theory, it must prove the defendant intentionally facilitated each element of the offense." *Id.* at 2 (citing *Rosemond v. United States*, 572 U.S. 65, 76-78 (2014). Defendant apparently believes these two citations mean that because the "indictment alleges the offense involved commercial advantage or private

financial gain, but fails to allege facts establishing that Defendant: a) knew the smuggling venture operated for profit, or b) intentionally facilitated that financial objective . . . the indictment fails to state an offense triggering the mandatory minimum." *Id.* at 3. That is not correct.

The United States argues that "[a]n indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." Resp. at 2, ECF No. 39 (citing *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)). And, further, that an indictment meeting the above three standards "need not go further and allege in detail the factual proof that will be relied on to support the charges." *Id.* (citing *United States v. Doe*, 572 F.3d 1162, 1173-74 (10th Cir. 2009).

The United States is correct. Defendant misunderstands *Alleyne*. *Alleyne* requires that "when a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." 570 U.S. at 114-15. This does not mean that the government must submit factual proof in the indictment. It means that, since an indictment must put forth the elements of the offense charged, *Todd*, 446 F.3d at 1067, and aggravating facts form a constituent part of a new offense, *Alleyne*, 570 U.S. at 114-15, the government is obligated to include notice of the mandatory minimum fact in the indictment, *see Todd*, 446 F.3d at 1067.

Here, it means that if the Government wishes to pursue a mandatory minimum based on committing the offense for commercial advantage or financial gain, it must include notice in the indictment that it will do so. The Government did so by including the words "for the purpose of commercial advantage and private financial gain" in the indictment. ECF No. 25 at 2.

Once the government puts defendant on notice that he must defend against the government's attempt to prove the aggravating fact to the jury, the indictment is legally sufficient and does not require any factual proof. *Doe*, 572 F.3d at 1173-74. Of course, to prove the defendant deserves the mandatory minimum, the Government must submit to the jury, and the jury must find, that Defendant committed the offense for the purpose of commercial advantage and private financial gain. *Alleyne*, 570 U.S. at 111.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss the Mandatory Minimum Allegation is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE