**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                 Case No. 5:25-cv-05041-MIS

JUAN GOMEZ MONTIEL,

    Defendant.

**<u>ORDER DENYING DEFENDANT'S MOTION TO COMPEL</u>**

THIS MATTER is before the Court on Defendant's Motion to Compel ("Motion"), ECF No. 54, filed on April 20, 2026. The United States filed a Response on May 4, 2026. ECF No. 60. Upon review of the Parties' submissions, the record, and the relevant law, the Court will deny Defendant's motion.

This motion concerns the DEA's file on a confidential source (CS) in this case. Resp. at 1, ECF No. 60. The CS "was paid, previously lied to the DEA about a threat, and was deactivated after being asked incriminating questions six months later." Mot. at 1, ECF No. 54. The Government has disclosed portions of the file bearing on the CS's credibility. Resp. at 5, ECF No. 60.

Defendant asks the Court to "compel production of the [rest of] cooperating defendant's file for impeachment purposes." Mot. at 1, ECF No. 54. Defendant requests the entire file because "[t]he underlying file in counsel's experience will have the details that are needed . . . [and] [t]his material relates directly to counsel's ability to cross examine effectively under the 6th Amendment and the Due Process Clause." *Id.* at 2. Defendant also asks the Court to compel production of the "social media posting that was the subject of the recanted threat." *Id.* at 1 n.1. Defendant does not

ask for specifics because "he does not know what he does not know, other than the cooperator lied, and ultimately appears to have lied again and been terminated." *Id.*

The Government argues it has "already disclosed the relevant and important impeachment material from the file" under its obligations per Rule 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). *Id.* at 5-6. The Government

> disclosed reports written by DEA agents detailing their encounters with the [confidential source (CS)] regarding Gomez-Montiel. These reports also detail inconsistent statements made to agents by the CS. Additionally, on March 6, 2026, the United States disclosed a letter from DEA detailing *Brady*, *Giglio*, and general impeachment information regarding the CS, including his payments related to the instant case and lifetime payments from the agency, other benefits conferred including deferred action, and written agreements between the CS and DEA.

Resp. at 1, ECF No. 60.

*Brady* requires disclosure of favorable material evidence, 373 U.S. at 87, and *Giglio* requires disclosure of material credibility evidence when the "reliability of a given witness may well be determinative of guilt or innocence," 405 U.S. at 154 (citation omitted). But "[u]ntil Defendant can identify specific exculpatory material, it is up to the Government to search the requested categories of documents and produce any *Giglio* evidence." *United States v. Thomas*, No. 1:18-CR-00458 WJ, 2018 WL 5268203, at *4 (D.N.M. Oct. 23, 2018) (citations omitted). A defendant "has no constitutional right to law enforcement witnesses' personnel files simply to see whether they contain potentially impeaching information." *United States v. Garrison*, 147 F. Supp. 3d 1173, 1185 (D. Colo. 2015).

As in *Garrison*, 147 F. Supp. 3d at 1178, the Government here asserts it has disclosed all material information. Resp. at 5, ECF No. 60. And, as in *Garrison*, the Court has no reason to doubt this assertion. 147 F. Supp. 3d at 1178. Defendant offers no specifics as to what he seeks in the file, except a social media post that the CS lied about. Mot. at 1 n.1, ECF No. 54. To the extent

the Government has more material information pertaining to the CS lying about a threat, i.e., the underlying social media post, *id.*, it is ordered to disclose that information. Otherwise, the Court takes the Government at its word that it has produced all material information in the CS's file and compelling production of the rest of the file would be redundant.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Compel is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE