**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

                              Case No. 5:25-cv-05041-MIS

JUAN GOMEZ MONTIEL,

     Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INTRODUCE**
**EVIDENCE OF BAD ACTS UNDER RULE 404(B)**

THIS MATTER is before the Court on the Government's Notice of Intent to Introduce Evidence of Bad Acts Under Rule 404(b) ("Notice"), ECF No. 20, filed on January 1, 2026. Defendant did not file a response to the Notice but registered an objection at the Pretrial Conference. *See* Clerk's Min. for Hr'g of May 11, 2026 at 3, ECF No. 75. The Court therefore considers the Notice as a Motion to Introduce Evidence of Bad Acts. Upon review of the Parties' submissions, the record, and the relevant law, the Court will grant in part and deny in part the Government's motion.

The Government intends to introduce four acts under Federal Rule of Evidence (Rule) 404(b) to prove Defendant's intent, knowledge, plan, and lack of mistake or accident: (1) evidence of an attempted sale of cocaine to an undercover agent (UC) by Defendant; (2) evidence of an attempt by the Defendant to hire the UC to transport aliens; (3) Defendant's introduction of previous co-defendant Jorge Valdez-China to alien smuggling; and (4) the arrest of previous co-defendant Michelle Martinez for bringing alien smuggling proceeds through the Port of Entry in El Paso, Texas. Notice at 2-3, ECF No. 20.

The Court first addresses act one, then acts two and three together, then act four.

1

## I.  Act One

As to act one, the Government agreed in the Pretrial Conference not to mention the attempted drug purchase. Tr. of Hr'g of May 11, 2026 at 133:3-11.[1] Instead, at trial the Government will say only that the UC and Defendant met through his undercover capacity before Defendant attempted to hire the UC to transport aliens. *Id.* Since that eliminates the bad act, there is no need to make a Rule 404(b) finding regarding the drug purchase.

## II.  Acts Two and Three

As to acts two and three, the Court finds they do not implicate Rule 404(b) because they are "intrinsic" to the conspiracy and are therefore independently admissible under Tenth Circuit precedent. "Rule 404(b) only applies to evidence of acts extrinsic to the crime charged." *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993) (citation omitted). Whereas an act "committed in furtherance of the charged conspiracy [is] part of the act charged." *United States v. Garcia Abrego*, 141 F.3d 142, 175 (5th Cir. 1998) (citation omitted). "Evidence of such acts is therefore intrinsic and simply does not implicate the requirements of 404(b)." *United States v. Green*, 175 F.3d 822, 831 (10th Cir. 1999) (citing *Garcia Abrego*, 141 F.3d at 175; *United States v. Badru*, 97 F.3d 1471, 1475 (D.C.Cir.1996)). A conspiratorial act is intrinsic when "two conspiracies involve[] the same people . . . same offenses, and similar time periods" despite the two conspiracies not occurring at the same time. *United States v. Robles*, 434 F. App'x 736, 740 (10th Cir. 2011) (holding prior marijuana distribution by the same defendants was intrinsic to the charged marijuana distribution); *see also United States v. Portillo-Quezada*, 469 F.3d 1345, 1353-54 (10th Cir. 2006) (uncharged murder intrinsic to conspiracy to distribute methamphetamine

---

[1]    The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

because murder showed the defendant's willingness to use violence to ensure conspiracy's success); *Green*, 175 F.3d at 831 (threat to co-conspirator to collect drug-profits was intrinsic to conspiracy to distribute crack cocaine).

Here, Defendant's attempt to hire the UC to transport aliens and his involvement of Jorge Valdez-China in smuggling operations are intrinsic to the charged conspiracy to transport aliens. Hiring transporters is part of Defendant's alleged actions in moving persons from Mexico to the United States in the same way that threats and use of violence to collect profits are part of drug distribution. *See Portillo-Quezada*, 469 F.3d at 1353-54; *Green*, 175 F.3d at 831. And working with Mr. Valdez-China to smuggle other persons, including bringing him "human smuggling proceeds," is intrinsic to the charged conspiracy in the same way that prior marijuana distribution is intrinsic to subsequent marijuana distribution. *See Robles*, 434 F. App'x at 740.

Even if, however, the two acts are not intrinsic to the charged conspiracy, they are both permissible under Rule 404(b). Rule 404(b) requires a four-part test:

> (1) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted.

*United States v. Diaz*, 679 F.3d 1183, 1190 (10th Cir. 2012) (citation omitted).

First, "[e]vidence is offered for a proper purpose if it is utilized for any of the 'other purposes' enumerated in Rule 404(b)." *United States v. Davis*, 636 F.3d 1281, 1298 (10th Cir. 2011). Here, the Government intends to introduce acts two and three for the purpose of proving Defendant's "intent, knowledge, plan, and lack of mistake or accident" in transporting aliens including unaccompanied minors. Notice at 6, ECF No. 20. As these reasons are among the

3

enumerated other purposes in Rule 404(b)(2), the Court finds acts two and three are offered for a proper purpose.

Second, whether evidence is relevant depends on the "similarity of the uncharged act to the charged conduct and the temporal proximity of the two acts." *United States v. Cardinas Garcia*, 596 F.3d 788, 797-98 (10th Cir. 2010). Here Defendant's two uncharged acts are like the charged act, since they are part of alien smuggling operations and the charge conduct is alien smuggling. And both acts are temporally proximate, having occurred within one year of the charged conduct. *See* Notice at 7, ECF No. 20. Because Defendant's acts were similar and temporally proximate, they are relevant.

Third, the Court must make a Rule 403 determination to determine if the "probative value of the similar acts is substantially outweighed by its potential for unfair prejudice." *Diaz*, 679 F.3d at 1190. "Evidence is excluded under Rule 403 if the district court determines that 'its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) (citing Fed. R. Evid. 403). "Unfair prejudice in the Rule 403 context 'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id.* (citing Fed. R. Evid. 403 advisory committee's note). "[E]xclusion of evidence under Rule 403 that is otherwise admissible under the other rules 'is an extraordinary remedy and should be used sparingly.'" *Id.* (citation omitted).

Here, the conduct in acts two and three is not prejudicial. The conduct in acts two and three is within the bound of behavior expected by alien smugglers and is relatively benign behavior at that, consisting of recruiting an employee and working with another person who has a similar

4

common goal. The behavior in the acts has no emotionally shocking aspects that might be considered prejudicial, like acts of extreme violence. *See* Notice at 2, ECF No. 20. As the behavior is not prejudicial, it does not outweigh the probative value of the evidence and is admissible under Rule 403.

Finally, the Court will, if requested, issue appropriate jury instructions if the Government submits acts two and three as Rule 404(b) evidence of bad acts. *Diaz*, 679 F.3d at 1190.

## III. Act Four

As to act four, the Court finds that it cannot be used to prove "intent, knowledge, plan, and lack of mistake or accident" on the part of the Defendant because it is not relevant and is more prejudicial than probative.

The Government submits act four for a proper purpose: proving Defendant's "intent, knowledge, plan, and lack of mistake or accident" in transporting aliens including unaccompanied minors. Notice at 6, ECF No. 20.

Michelle Martinez's arrest for transporting proceedings of human smuggling, however, is irrelevant because act four is not tied to Defendant. While the conduct is temporally proximate, *see id.* at 7, and moving proceeds is part of alien smuggling operations, the Government's position is that it involves Defendant only because Ms. Martinez and Defendant were charged in the previous conspiracy and Defendant had a photo of Ms. Martinez's identification in his phone, *see id.* at 2.

A plain reading of Rule 404(b) indicates that the crime, wrong, or act does not have to be committed by the person in question since "[e]vidence of any other crime, wrong, or act" encompasses any act outside of the one in question—no matter the actor. *See United States v. Massey*, 48 F.3d 1560, 1571 & n.11 (10th Cir. 1995) (discussing FRE 404(b) and the defendant's

objection to evidence of his previous co-workers' crimes). Hence Michelle Martinez's act, being arrested for transporting illegal proceeds, is eligible. But the act must still be tied to the person in question. This is indicated both by Rule 404(b)'s prohibition on using the act to show "the person acted in accordance with the [person's] character" and the requirement that the act proves "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident [on the part of the person]." Thus, if a crime, wrong, or act has no bearing on the person, it is not admissible under FRE 404(b).

Here, the Government wishes to include the bad act of a previous co-conspirator without providing evidence that the bad act is connected to Defendant. *See* Notice at 2, ECF No. 20. At most the Government shows Ms. Martinez, presumably known to Defendant based on the presence of a picture of her identification in his phone, Notice at 2, ECF No. 20, committed a bad act one might associate with the crime for which Defendant is charged, i.e., moving smuggling proceeds between the United States and Mexico, *id.* Unless the Government can link the act to Defendant in some way beyond both persons having been charged in a previous conspiracy, then the bad act of a known associate is irrelevant. [2]

Third, under Rule 403, act four is more prejudicial than probative. As explained above, act four is not probative of Defendant's charged conduct because it is not sufficiently tied to Defendant. Furthermore, it is prejudicial because it attempts to show guilt by association by tying Defendant to the bad behavior of a known associate. *See Massey*, 48 F.3d at 1571 n.11.

---

[2] If the Government has further evidence showing a link between Defendant and Ms. Martinez's arrest, the Court will consider permitting the introduction of act four under Rule 404(b) at trial. The Government shall introduce such evidence outside the presence of the jury.

As act four is not a permissible bad act under Rule 404(b), part four of the Rule 404(b) test is irrelevant. *See Diaz*, 679 F.3d at 1190. The Government cannot introduce act four under Rule 404(b).

## IV. Conclusion

As the Government no longer intends to submit act one and act four is not a permissible bad act under Rule 404(b), the Government is permitted only to submit acts two and three as bad acts under Rule 404(b) as evidence of Defendant's intent, knowledge, plan, and lack of mistake or accident in transporting aliens.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Notice of Intent to Introduce Evidence of Bad Acts Under Rule 404(b), ECF No. 20, is **GRANTED IN PART** and **DENIED IN PART**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE